This case is before the court on plaintiffs’ motion for partial summary judgment and defendant’s response thereto and motion for suspension of proceedings. Plaintiffs, employees of the United States Government, through the Protective Forces Section, Energy Research and Development Administration, at its facilities in Los Alamos, New Mexico, claim over-time compensation during the period from May 9, 1971, to February 26, 1976, pursuant to the Federal Employees Pay Act, 5 U.S.C. § 5542 (1976), and for the claims arising between May 1, 1974, and February 26, 1976, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (1970), as amended by Fair Labor Standards Amendments of 1974, Pub. L. No. 93-259, § 6(b), 88 Stat. 60 (codified at 29 U.S.C. § 204(f) (1976)). May 1, 1974, is the date upon which the Civil Service Commission became *588 authorized, pursuant to the amendment, to order the payment of overtime claims to federal employees under the Fair Labor Standards Act. Prior to that time, overtime pay for federal employees was governed only by title V of the United States Code.
Plaintiffs seek a remand of their claims for relief and a suspension of judicial proceedings, but only insofar as the claims arise after May 1, 1974. The Civil Service Commission has not had an opportunity to decide any of the overtime claims in this case because, at the time plaintiffs filed their petitions with this court, CSC regulations would have precluded the subject claims as untimely. Federal Personnel Manual (FPM) Letter 551-9 (Mar. 30, 1976). However, these regulations were changed by the issuance, on July 11, 1978, of FPM Letter 551-15, extending the limitation period from 2 years to 6 years, the change being predicated upon a decision of the Comptroller General. 57 Comp. Gen. 441 (1978).
Defendant interposed no objection to plaintiffs’ request for remand, but moved that, in the interest of judicial economy and to avoid duplication of effort and the possibility of inconsistent results, the court suspend judicial proceedings with respect to the entire claim pending administrative review. Plaintiffs, by their reply to defendant’s response and motion, stated that counsel have agreed as to the manner in which discovery should proceed if this court orders a remand to the Civil Service Commission, and that, as a result of this understanding, plaintiffs have no objection to defendant’s request that the entire case be suspended pending proceedings of that Commission.
it is therefore ordered that proceedings, except for discovery proceedings, are suspended, pending application by plaintiffs to the Civil Service Commission for relief under the new regulations, for a period of 3 months or until the administrative proceedings are terminated, whichever is sooner. Applications for extension of this suspension shall be supported by a detailed showing of diligent prosecution of the administrative proceedings. Plaintiffs’ counsel is directed to advise the court, by letter to the trial judge every 3 months, as to the status of the administrative proceedings. Plaintiffs’ motion of August 23, 1978, and defendant’s motion of August 29, 1978, are granted and denied to the extent consistent with the foregoing order.